# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| MANOJ BAJPAI, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 3:25-cv-00005-L |
| FEDERAL RESERVE BANK OF DALLAS, | § § | |
| Defendant. | § § § | |

## DEFENDANT'S ANSWER TO COMPLAINT

Defendant Federal Reserve Bank of Dallas ("FRB" or "Defendant") submits this Answer to Plaintiff Manoj Bajpai's ("Plaintiff" or "Bajpai") Complaint filed with the United States District Court for the Northern District of Texas, Dallas Division (the "Complaint"), in correspondingly numbered paragraphs, and further shows as follows:

**I.    DEFENDANT'S ANSWER**

### I.    The Parties

1.  Defendant admits Plaintiff is an individual. Defendant lacks knowledge or information sufficient to admit or deny whether Plaintiff is a citizen of the State of Texas and resides in Collin County, Texas; therefore, the remaining allegations in Paragraph 1 of the Complaint are denied.

2.  Defendant admits the FRB is a regional reserve bank located at 2200 North Pearl Street, Dallas, Texas 75201. Defendant denies the remaining allegations in Paragraph 2 of the Complaint.

180227875.1

## II.     Jurisdiction

3.      Defendant admits this Court has subject matter jurisdiction over this action.

## III.    Venue

4.      Defendant admits venue is proper in this judicial district and division.

## IV.     Service

5.      Defendant admits the FRB may be served with process by serving its President and CEO at 2200 North Pearl Street, Dallas, Texas 75201.

## V.      Exhaustion Of Administrative Remedies

6.      Defendant admits Plaintiff timely filed charges of discrimination and retaliation with the Equal Employment Opportunity Commission ("EEOC") and the Texas Workforce Commission ("TWC"). Defendant admits that the EEOC issued a Notice of Right to Sue.

7.      Defendant admits that Plaintiff timely filed this action and that Plaintiff has satisfied the administrative prerequisites to bring this lawsuit. Defendant denies engaging in any unlawful acts or omissions under Title VII and denies that Plaintiff is entitled to any relief under Title VII.

## VI.     Facts

8.      Defendant admits Plaintiff joined the FRB in January 2017. Defendant denies that Plaintiff's performance was exemplary from 2017-2020 and that Plaintiff received either an outstanding or leading performance rating during this period. Defendant admits Plaintiff was promoted. Defendant admits, upon information and belief, that Plaintiff is a person of color, and is Indian.

9.      Defendant denies the allegations in Paragraph 9 of the Complaint.

10. Defendant admits that Plaintiff expressed concerns about his low performance rating to Tommy Alsbrooks. Defendant denies the remaining allegations in Paragraph 10 of the Complaint.

11. Defendant denies the allegations in Paragraph 11 of the Complaint.

12. Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 12 of the Complaint; therefore, Plaintiff's allegations are denied.

13. Defendant admits Plaintiff received a Partially Meets/Developing on his 2022 year-end performance review and that team members had complained about Plaintiff's leadership. Defendant denies the remaining allegations in Paragraph 13 of the Complaint.

14. Defendant admits Plaintiff contacted Monica Hirsch ("Hirsch") in November 2022 regarding his low performance rating. Defendant denies the remaining allegations in Paragraph 14 of the Complaint.

15. Defendant admits Elisa Johnson ("Johnson") expressed in Plaintiff's 360-survey concerns about Plaintiff's leadership based on direct feedback from Plaintiff's team members. Defendant admits that Johnson expressed to Plaintiff that she felt ambushed by Plaintiff (or words to this effect) during a conversation about the survey.

16. Defendant admits that Plaintiff contacted Hirsch in December 2022 regarding his performance rating. Defendant denies the remaining allegations in Paragraph 16 of the Complaint.

17. Defendant admits that Hirsch told Plaintiff the Defendant had received a complaint about Plaintiff, that the Defendant was investigating the complaint, and that investigations could take as long as six months to complete. Defendant admits that Hirsch did not get back to the Plaintiff about the investigation before Defendant terminated Plaintiff's employment. Defendant denies the remaining allegations in Paragraph 17 of the Complaint.

18. Defendant states that the dependent clause in the first sentence of Paragraph 18 contains a legal conclusion that Defendant cannot admit or deny. Defendant denies the remaining allegations in Paragraph 18 of the Complaint.

19. Defendant admits Defendant informed Plaintiff on February 1, 2023, that Defendant was laying him off due to restructuring. Defendant denies the remaining allegations in Paragraph 19 of the Complaint.

20. Defendant admits that Defendant has promoted individuals into director-level positions in the newly restructured Credit Risk Management Information Technology department (Plaintiff's former department) since February 1, 2023. Defendant denies the remaining allegations in Paragraph 20 of the Complaint as written.

### VII.   Count One: Race/Color Discrimination

21. Paragraph 21 contains no additional factual allegations that Defendant can admit or deny. To the extent necessary, Defendant denies all allegations in Paragraph 21 and incorporates by reference, as if fully restated herein, its answers and denials in the preceding Paragraphs 1 through 20.

22. Defendant acknowledges Plaintiff is alleging claims under Title VII. Paragraph 22 does not contain factual allegations that Defendant can admit or deny. However, Defendant denies engaging in any unlawful acts or omissions under Title VII and denies that Plaintiff is entitled to any relief under Title VII.

23. Defendant denies the allegations in Paragraph 23 of the Complaint.

24. Defendant admits Plaintiff has satisfied the conditions precedent to filing Count One of the Complaint.

25. Defendant denies the allegations in Paragraph 25 of the Complaint.

26. Defendant denies the allegations in Paragraph 26 of the Complaint. Defendant denies Plaintiff is entitled to any relief under Title VII as requested in Paragraph 26 of the Complaint.

27. Defendant denies the allegations in Paragraph 27 of the Complaint. Defendant denies Plaintiff is entitled to punitive damages as requested in Paragraph 27 of the Complaint.

### VIII.   Count Two: Age Discrimination

28. Defendant acknowledges Plaintiff is asserting a cause of action under the ADEA. Defendant denies engaging in unlawful acts or omissions under the ADEA, and Defendant denies Plaintiff is entitled to any relief under the ADEA. Paragraph 28 does not contain any factual allegations that Defendant can admit or deny. Defendant incorporates by reference, as if fully restated herein, its answers and denials in the preceding Paragraphs 1 through 27.

29. Defendant denies the allegations in Paragraph 29 of the Complaint.

30. Defendant denies the allegations in Paragraph 30 of the Complaint. Defendant acknowledges Plaintiff is seeking liquidated damages, but Defendant denies Plaintiff is entitled to liquidated damages as requested in Paragraph 30 of the Complaint.

31. Defendant denies the allegations in Paragraph 31 of the Complaint. Defendant denies Plaintiff is entitled to any damages as requested in Paragraph 31 of the Complaint

32. Defendant denies the allegations in Paragraph 32 of the Complaint and specifically denies Plaintiff is entitled to any relief under the ADEA as requested in Paragraph 32 of the Complaint.

### IX.   Count Three: Title VII Retaliation

33. Paragraph 33 has no additional factual allegations that Defendant can admit or deny. To the extent necessary, Defendant denies all allegations in Paragraph 33 and incorporates

by reference, as if fully restated herein, its answers and denials in the preceding Paragraphs 1 through 32.

34. Defendant denies the allegations in Paragraph 34 of the Complaint.

35. Defendant denies the allegations in Paragraph 35 of the Complaint.

36. Defendant denies the allegations in Paragraph 36 of the Complaint. Defendant denies Plaintiff is entitled to punitive damages as requested in Paragraph 36 of the Complaint.

37. Defendant denies the allegations in Paragraph 37 of the Complaint. Defendant denies Plaintiff is entitled to attorneys' fees and costs as requested in Paragraph 37 of the Complaint.

### X.     Attorneys' Fees

38. Paragraph 38 has no additional factual allegations that Defendant can admit or deny. To the extent necessary, Defendant denies all allegations in Paragraph 38 and incorporates by reference, as if fully restated herein, its answers and denials in the preceding Paragraphs 1 through 37.

39. Defendant denies Plaintiff is entitled to the relief requested in Paragraph 39 of the Complaint, including attorneys' fees and costs and witness fees.

### XI.     Compensatory and Punitive Damages

40. Paragraph 40 has no additional factual allegations that Defendant can admit or deny. To the extent necessary, Defendant denies all allegations in Paragraph 40 and incorporates by reference, as if fully restated herein, its answers and denials in the preceding Paragraphs 1 through 39.

41. Defendant denies the allegations in Paragraph 41 of the Complaint. Defendant denies Plaintiff is entitled to compensatory, liquidated, or exemplary damages.

42. Defendant denies the allegations in Paragraph 42 of the Complaint. Defendant denies Plaintiff is entitled to compensatory damages.

43. Defendant denies the allegations in Paragraph 43 of the Complaint. Defendant denies Plaintiff is entitled to exemplary damages.

## XII.  Jury Demand

44. The Jury Demand Section contains no factual allegations that Defendant can admit or deny. Defendant denies that Defendant has engaged in any unlawful acts or omissions with regard to Plaintiff such that Plaintiff would be entitled to a determination by a jury.

## XIII.  Reservation of Rights

45. Defendant admits Plaintiff has the right to bring additional causes of action within the statutory period. If Plaintiff does bring additional causes of action, Defendant reserves all rights to challenge the validity of any such amendments or claims.

## XIV.  Prayer

46. Defendant denies that Plaintiff is entitled to any relief as requested in the Request for Relief section.

**II.  DEFENDANT'S GENERAL DENIAL**

To the extent any allegations have not been expressly admitted, explained, qualified, or denied, Defendant denies every remaining allegation in the Complaint.

**III.  DEFENDANT'S AFFIRMATIVE AND SEPARATE DEFENSES**

Subject to and without waiving any prior objection, answer, or defense, and without accepting the burden of proof on any element of any cause of action upon which Defendant

ordinarily would be required to carry such burden, Defendant asserts the following separate or affirmative defenses:

1. Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitation.

2. The Complaint fails to state a claim or cause of action against Defendant upon which relief can be granted.

3. Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff failed to satisfy applicable statutory and/or jurisdictional prerequisites, including, but not limited to, any failure by Plaintiff to timely file a charge of discrimination or exhaust administrative remedies.

4. Plaintiff's claims of discrimination and retaliation fail, in whole or part, because Plaintiff has not been subjected to an actionable adverse employment action.

5. In the alternative, any adverse employment actions resulted from legitimate, non-discriminatory business reasons, unconnected to Plaintiff's age, race/color, or any other protected category or activity.

6. In the alternative, if Defendant's conduct is found to violate any law, Defendant's actions were not willful, malicious, or taken with reckless indifference to Plaintiff's rights.

7. Defendant, at all times, acted in good faith and with reasonable grounds for believing that any actions taken with regard to Plaintiff complied with all applicable state and federal anti-discrimination and retaliation statutes including Title VII of the Civil Rights Act of 1964.

8. Plaintiff's alleged damages, if any, are too speculative to permit recovery. In the alternative, if Defendant is found to be liable and damages are awarded, all maximum

statutory limits and caps must be applied to Plaintiff's claims, including, but not limited to, the caps set forth in 42 U.S.C. § 1981(b)(2) and (b)(3).

9. Defendant reserves the right to raise any and all other defenses that may become evident during discovery and during any other proceeding in this action.

WHEREFORE, Defendant prays that Plaintiff's claims and causes of action be dismissed; that Plaintiff takes and is awarded nothing; that Defendant recover all expenses, costs, and attorneys' fees and for such other and further relief, at law or in equity, to which Defendant may be justly entitled.

DATE: February 28, 2025

Respectfully submitted,

*/s/ Ann Marie Painter*
Ann Marie Painter
Texas Bar No. 00784715
AMPainter@perkinscoie.com

Dorthy Lukens
Texas Bar No. 24131473
DLukens@perkinscoie.com

PERKINS COIE LLP
500 N. Akard, Suite 3300
Dallas, TX 75201
Telephone: 214.965.7715
Facsimile: 214.965.7765

**ATTORNEYS FOR DEFENDANT**
**FEDERAL RESERVE BANK OF DALLAS**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 28, 2025, a true and correct copy of the foregoing has been filed with the United States District Court for the Northern District of Texas, Dallas Division and has been served on all counsel of record as follows:

ROGGE DUNN GROUP, P.C.
1201 Elm Street
Dallas, Texas 75270-2142

Rogge Dunn
Email: dunn@roggedunngroup.com

Bryan C. Collins
Email: collins@roggedunngroup.com

                                                                                     */s/ Ann Marie Painter*
                                                                                     Ann Marie Painter